**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                          No. 98-4931

FLORENTINO GUETA-MENDOZA,
Defendant-Appellant.

Appeal from the United States District Court
for the Middle District of North Carolina, at Durham.
William L. Osteen, District Judge.
(CR-98-166)

Submitted: June 15, 1999

Decided: June 30, 1999

Before MURNAGHAN, NIEMEYER, and WILLIAMS,
Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Louis C. Allen, III, Federal Public Defender, Gregory Davis, Assistant Federal Public Defender, Greensboro, North Carolina, for Appellant. Walter C. Holton, Jr., United States Attorney, Clifton T. Barrett, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Following a jury trial, Florentino Gueta-Mendoza was convicted on one count of conspiracy to distribute marijuana, in violation of 21 U.S.C. § 846 (1994), and one count of possession with intent to distribute marijuana, in violation of 21 U.S.C. § 841(a)(1) (1994). Mendoza timely appealed and his attorney has filed a brief in accordance with <u>Anders v. California</u>, 386 U.S. 738 (1967), addressing three claims, but stating that in his opinion there are no meritorious issues for appeal. We affirm.

Mendoza first argues that the district court erred by denying his Fed. R. Crim. P. 29 motion for acquittal because the evidence was insufficient to support his convictions. Mendoza was the passenger in a Chevrolet Suburban that was stopped by police after it sped away from a routine license checking station. Police later found 308 pounds of marijuana in the vehicle. Mendoza was very nervous when approached by police and he subsequently fled the scene. Hector Simental, a co-conspirator who was driving the Suburban, testified that Mendoza willfully participated in both the conspiracy and the substantive offense. A grease stain on Mendoza's shirt was very similar to a greasy substance found on the packaging in which the marijuana was wrapped. We find that, viewed in the light most favorable to the Government, the evidence is sufficient for a rational finder of fact to have found the essential elements of both crimes of conviction beyond a reasonable doubt. <u>See United States v. Wilson</u>, 135 F.3d 291, 306 (4th Cir.) (listing elements necessary to support a conviction under 18 U.S.C. § 846), <u>cert. denied</u>, ___ U.S. ___, 66 U.S.L.W. 3758 (U.S. May 26, 1998) (No. 97-8750); <u>United States v. Nelson</u>, 6 F.3d 1049, 1053 (4th Cir. 1993) (listing elements necessary to support a conviction under 18 U.S.C. § 841).

Next, Mendoza argues that the district court erred by giving the jury an instruction on the inferences it could draw from his flight on

2

the night of his arrest. Because he did not object, this Court reviews the flight instruction for plain error. See United States v. Olano, 507 U.S. 725, 731 (1993). A flight instruction is appropriate where "[t]he chain of inferences leading from evidence of flight to consciousness of guilt . . . [leads] to consciousness of guilt of the crime charged." United States v. Porter, 821 F.2d 968, 976 (4th Cir. 1987). After police stopped the Suburban, Mendoza appeared nervous and kept opening and closing the car door, even after the officer told him to stop. He spoke briefly in Spanish to Simental before fleeing. Although Mendoza claimed Simental advised him at that time to flee because he (Simental) was "already lost," Simental testified that Mendoza told him he was going to run away. Under these circumstances, we find no plain error in the district court's jury instruction, particularly in light of the fact that the instruction clearly explained to the jury that there could be valid reasons Mendoza was fleeing other than guilt.

Finally, Mendoza argues that the district court erred by enhancing his sentence two levels, pursuant to U.S. Sentencing Guidelines Manual, § 3C1.1 (1998), for providing perjurious testimony during his trial. A defendant's offense level will be increased by two levels under this provision if, inter alia, he willfully obstructs justice during his prosecution. Perjury may provide a basis for upward departure. See U.S.S.G. § 3C1.1 comment (n.4(b)). In deciding whether to apply the two-level adjustment in this case, the district court gave a detailed rationale for the enhancement. The court found that Mendoza gave false testimony concerning material facts and that he did so intentionally. We find that the court's findings encompass all of the necessary factual predicates and therefore are sufficiently justified. See United States v. Dunnigan, 507 U.S. 87, 94-95 (1993); United States v. Cook, 76 F.3d 596, 605 (4th Cir. 1996).

In accordance with Anders, we have examined the entire record in this case and find no reversible error. We therefore deny counsel's motion for leave to withdraw and affirm Mendoza's conviction and sentence. This court requires that counsel inform his client in writing of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may again move in this court for leave to withdraw from representation.

3

See 4th Cir. Local Rule 46(d). Counsel's motion must state that a copy thereof was served on the client. See id. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

4